UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21216-CIV-GOLD/McALILEY

EMMEDUE, S.P.A.

    Plaintiff,

v.

NEXTECH BUILDING SYSTEMS, INC.
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S STATUS
REPORT AND MOTION FOR SANCTIONS**

Pending before the Court is Plaintiff's Status Report and Motion for Sanctions [DE 40], referred to me by the Honorable Alan S. Gold. [DE 43]. Plaintiff asks this Court to sanction Defendants for their failure to comply with a court order that entered default judgment against them on liability, and required Defendants to provide contact and financial information so that Plaintiff could calculate its damages. [DE 37]. Plaintiff asserts that without Defendants' cooperation, Plaintiff can not determine its actual damages, or its total attorneys' fees - information Plaintiff needs to seek a final judgment on damages. Stymied, Plaintiff proposes an alternative: that the Court enter an order sanctioning Defendants, jointly and severally, in the approximate amount of Plaintiff's attorneys' fees, in final resolution of this matter. [DE 40, p. 4]. For the reasons that follow, I recommend that the Motion for Sanctions be granted in part.

**I.      Background**

On February 13, 2009, Judge Gold granted in part Plaintiff's Motion for Default Judgment. [DE 37]. That Order resolved the question of liability, finding that "Defendants Nextech Building Systems, Inc., Daniel G. Romero, and Albert De La Vega engaged jointly and severally in unauthorized conduct relating to images, photographs and text originating from and owned by Plaintiff in violation of Plaintiff's rights under the Federal Copyright Act, the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, and the common law . . . . " [DE 37, p. 1]. Judge Gold ruled that Plaintiff is entitled to Defendants' profits, as an award of damages. [*Id*.]. So that Plaintiff could calculate those damages, the Order directed Defendants to "produce an accounting of all sales, revenue, payment, and any other valuable remuneration, item, or property received through or in connection with any business conducted by" Defendant Nextech Building Systems, Inc. [DE 37, ¶ 3]. Defendants were also ordered to give Plaintiff certain contact information. [DE 37, ¶¶ 5-6].

In its Motion for Default Judgment, Plaintiff asked to recover its attorneys fees, pursuant to fee-shifting provisions in the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act [FDUTPA], Fla. Stat. § 501.2105. [DE 36, pp. 7-8]. In his February 13th Order, Judge Gold referred the issue of attorneys' fees and costs to me. [DE 37, ¶ 4].

Several months later, noting that Plaintiff had not moved for entry of a judgment on damages, the Court ordered Plaintiff to either "file a motion for actual damages or a status update explaining why it has not moved for damages . . . ." [DE 39].

Plaintiff complied by filing the current motion, explaining it had not moved for

damages because Defendants had not produced the information required by the Court's February 13th Order. [DE 40, pp. 2-4]. Without that information, Plaintiff states it cannot determine its actual damages or its final attorneys' fees and costs. Believing it will not get Defendants' financial information, Plaintiff asks the Court to enter "an Order of sanctions for failure to comply with the Court's Order of February 13, 2009, to be awarded jointly and severally and paid to Emmedue, in the amount of $35,000." [DE 40, p. 4]. Plaintiff asserts that this amount will "permit Plaintiff to recover the major part of its fees and expenses to date" and represents that if the motion is granted, it would consent to the final closing of this action. [*Id.*].

No Defendant filed a response to the Motion for Sanctions. On September 15, 2009, I issued an order requiring Defendants to show cause why this Court should not grant that motion. [DE 47]. Defendants did not respond to that order. I then issued another order, stating my intention to recommend that the Motion for Sanctions be granted, and directing Plaintiff to file documentation of its attorneys' fees and expenses to support its representation that they amounted to at least $35,000. [DE 48, p. 2].

On October 26, 2009, Plaintiff filed the declarations of Douglas V. Rigler and Sloan Carr, counsel for Plaintiff, and Mark Lebow (an attorney who offered his opinion as an expert that Plaintiff's legal fees are reasonable), as well as documentation of the attorney hourly rates and hours billed. [DE 49]. On the same date, Michael Scaglione, Esq, counsel for Defendant De La Vega, filed an affidavit stating that, on behalf of his client, he had provided Plaintiff all of the information in De La Vega's possession responsive to Judge Gold's February 13th

3

Order.[1]  [DE 50].

On December 18, 2009, I held a hearing, attended by Plaintiffs' counsel, Defendant De La Vega and his attorney Mr. Scaglione.  De La Vega testified that he was very ill beginning in June 2008, hospitalized in January 2009 and diagnosed with an autoimmune disorder.  He was unable to work, and unable to pay close attention to legal matters, including this case, during much of his illness.  Defendant Nextech Building Systems is the entity that made unauthorized use of Plaintiff's intellectual property, and according to De La Vega, Nextech was controlled by Defendant Daniel Romero.  De La Vega testified that he had known Romero for a number of years, and that Romero made unauthorized use of De La Vega's name in his operation of Nextech; De La Vega denied any involvement with Nextech's business.  De La Vega said he had very limited contact with Romero and had only a cellular phone number, until a few weeks before the hearing when he also got an email address.

Mr. Scaglione gave the cell phone number to Plaintiff's counsel early in the litigation (in compliance with the February 13th Order), and at the hearing De La Vega offered to provide the email address.  De La Vega testified that he had none of the financial information sought by the February 13th Order, since he had no involvement in the operation of Nextech. In summary, De La Vega testified that he provided Plaintiff with all the information in his

---

[1] Although Mr. Scaglione wrote in his affidavit that he only represented De La Vega before the default was entered, not in the post-judgment proceedings, Mr. Scaglione never filed a motion to withdraw and continues to serve as his attorney of record.

4

possession and that he believed that he complied with the February 13th Order.

De La Vega and his counsel conceded that, given the default judgment, De La Vega is jointly and severally liable, along with Nextech and Romero, for any award of attorneys' fees. If Plaintiff collects such fees from him, De La Vega hopes to be able to recover that from Romero, possibly in an action for contribution. De La Vega strongly objects to being ordered to pay such fees as a sanction, first because he was not in contempt of the February 13th Order, but also because it may limit his ability to be made whole from Romero.

At the hearing, Plaintiff made clear that it has not been able to locate Romero, and does not expect at this point to recover information from Romero or Nextech, about the profits they realized from their unauthorized use of Plaintiff's intellectual property. For this reason, Plaintiff at this point simply wants to recover from Defendants the attorneys' fees Plaintiff incurred in bringing this lawsuit. Plaintiff made clear that it has no preference whether the final order is entered as an award of attorneys' fees, or an award of sanctions.

## II.     Analysis

Plaintiff, frustrated in its efforts to extract from Defendants the information Plaintiff needs to determine its actual damages, proposes as an alternative to recover its attorneys fees in final resolution of this matter, and suggests it might do so in one of two ways. In its original motion for default judgment, Plaintiff sought to recover its attorneys' fees under FDUTPA and the Lanham Act [DE 36, pp. 7-8], and the issue of attorneys' fees was referred

to me.[2] Alternatively, Plaintiff, in its Motion for Sanctions, asks to recover its attorneys' fees against Defendants for their noncompliance with the February 13th Order. I consider each basis in turn.

### A.     Attorneys' fees under FDUTPA

In the February 13th Order, Judge Gold entered default judgment against all Defendants on Plaintiff's claim under FDUTPA and referred the issue of attorneys' fees to me. FDUTPA provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party . . . may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.2105(1). Plaintiff is the prevailing party under section 501.2105.

The court has discretion to determine whether an award of fees is appropriate under FDUTPA. *Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So.2d 966, 968 (Fla. 4th DCA 2007). In exercising that discretion, "factors that a trial court might consider include, but are not limited to: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7)

---

[2] The Lanham Act authorizes an award of attorneys' fees only "in exceptional cases," 15 U.S.C. § 1117(c). At the hearing, Plaintiff only argued recovery of its fees under FDUTPA.

6

whether the claim brought was to resolve a significant legal question under FDUTPA law." *Id.* at 971.

I have reviewed the record in light of these factors, and find that an award of attorneys' fees under FDUTPA against Defendants, jointly and severally, is appropriate. To begin, Defendant never disputed that Nextech made unauthorized use on its website of Plaintiff's images; in fact, Nextech reportedly discontinued this practice shortly after this lawsuit was filed. Thus, the merits of the parties' respective positions appear to strongly favor Plaintiff. Defendants did not cooperate in this litigation, which led to entry of a default judgment on liability. Thereafter, Defendants Romero and Nextech ignored the February 13th Order, which directed Defendants to disgorge information about profits they realized from their misuse of Plaintiff's images, and thus have frustrated Plaintiff's efforts to achieve a final judgment of damages. As for Defendant De La Vega, he conceded at the December hearing that he would be liable for an award of fees. An award of attorneys fees here will partially compensate Plaintiff for its cost in bringing this action, and should deter others from acting in a similar manner. In whole, an award of attorneys fees to Plaintiff is an entirely reasonable way for this Court to exercise its discretion.

In fashioning such an award, the court generally multiplies the number of hours reasonably expended, by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Plaintiff filed affidavits and documentation of the attorneys' fees it incurred through October 2009. Lead counsel, Douglas V. Rigler, billed 36 hours at $550.00 per hour

7

[DE 49-4, pp. 2-4], his associate, Jeff Goehring billed 79.5 hours at $225 (for 2008) and $250 (for 2009) per hour [DE 49-5, pp. 2-3], and co-counsel, Sloan Carr, billed 15.90 hours at $250 per hour [DE 49-6, pp. 2-7], for a total of $41,995.00.

### 1.   Reasonable hourly rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In evaluating the reasonableness of the rates sought by Plaintiff, this Court has reviewed the qualifications of Plaintiff's counsel, the declarations of Mr. Reigler and Mr. Carr [DE 49-1, 49-3], the Opinion of Mark Lebow Regarding Counsel Fees filed in support of the fee application [DE 49-2], and the record in this action.

Based on this review, and this Court's own judgment and expertise, I find that **$350.00** per hour is a reasonable hourly rate in this action for Mr. Reigler, **$225.00** per hour is reasonable hourly rate for Mr. Goehring and **$250.00** per hour is a reasonably hourly rate for Mr. Carr. *See Norman*, 836 F.2d at 1303 (the court may consider its own knowledge and expertise concerning reasonable and proper fees).

### 2.   Hours reasonably expended

The second half of the lodestar calculation requires the Court to determine the hours reasonably expended. I have made a careful review of the billing records submitted by Plaintiff's counsel and the record in this action and find that the hours sought were reasonably

8

and necessarily expended by Plaintiff's counsel. *Loranger*, 10 F.3d at 781.

Multiplying the reasonable hourly rate with the hours reasonably expended, I recommend an award of attorneys' fees in favor of Plaintiff against Defendants, jointly and severally, in the total amount of **$34,462.50**.[3]

### B.     Sanctions

Plaintiff grounds its request for sanctions against Defendants on the assertion that Defendants did not comply with the February 13th Order:  to "produce an accounting of all sales, revenue, payment, and any other valuable remuneration, item, or property received through or in connection with any business conducted by" Defendant Nextech Building Systems, Inc., and to provide contact information to Plaintiff.  [DE 37, ¶¶ 3, 5-6].  The Eleventh Circuit has written as follows:

> Federal courts have the inherent power to impose sanctions on parties, lawyers, or both.  This power is derived from the court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. . . . [T]he key to unlocking a court's inherent power is a finding of bad faith.  A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.

*Bank of New York v. Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (citations and quotations omitted).

I conclude that sanctions are independently appropriate against Defendants Nextech Building Systems, Inc. and Daniel G. Romero.  It is undisputed that these Defendants wholly

---

[3] The fees for Mr. Riegler are $12,600 ($350 x 36); the fees for Mr. Goehring are $17,887.50 ($225 x 79.5) and the fees for Mr. Carr are $3,975.00 ($250 x 15.90).

failed to comply with the February 13th Order. Their refusal to provide this information frustrated Plaintiff's efforts to achieve a final judgment and has significantly disrupted the orderly course of this litigation.

The same can not be said for Mr. De La Vega. He testified, without contradiction, that he never possessed the financial information sought in the February 13th Order, that he turned over what little contact information he had for the other Defendants upon entry of the February 13th Order, and that he believed he had fully complied with that Order. I found De La Vega credible and I accept his testimony that he acted in good faith in complying with February 13th Order. I further find that De La Vega did not act to delay or disrupt the litigation or frustrate any court orders.

I therefore recommend that the Court not sanction De La Vega. I further recommend that the Court exercise its inherent authority to sanction Defendants Nextech and Romero for their failure to comply with the February 13th Order by entering a judgment in favor of Plaintiffs, and against these two Defendants jointly and severally, in the amount of **$2,500.00**.

### III. Recommendations

For the reasons stated above, this Court RECOMMENDS:

That this Court **GRANT IN PART** Plaintiff's Motion for Sanctions [DE 40] as follows:

1. Enter Judgment in favor of Plaintiff and against Defendants, Nextech Building Systems, Inc., Daniel Romero and Albert De La Vega, jointly and severally, for attorneys'

fees in the amount of **$34,462.50**.

2.   Enter a judgment of sanctions in favor of Plaintiff and against Defendants, Nextech Building Systems, Inc. and Daniel Romero, jointly and severally, in the amount of **$2,500.00**.

3.   Enter an order closing this case, with prejudice, based on Plaintiff's agreement attorneys' fees and sanctions should be awarded in final resolution of this matter.

## IV.   Objections

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold **no later than March 25, 2010**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 17th day of March, 2010.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Alan S. Gold
      Counsel of record

      Daniel G. Romero
      841 SE 3rd Terrace
      Cape Coral, FL 33900